IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER WILLIAMS | : | |
| Petitioner | : | |
| | : | |
| v. | : | Criminal No. 02-cr-172 |
| | : | |
| UNITED STATES | : | Civil Action 16-1260 |
| Respondent | : | |

**SUPPLEMENTAL MOTION TO VACATE, SET ASIDE, OR CORRECT A SENTENCE BY A PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2255**

Christopher Williams, Petitioner, through counsel hereby files this supplemental (second) motion seeking relief pursuant to 28 U.S.C. §2255[1].

**Factual Basis**

On October 24, 2002, a grand jury in the Eastern District of Pennsylvania returned a 135-count Third Superseding Indictment charging thirty-seven (37) defendants with conspiracy to distribute more than five kilograms of cocaine and more than 50 grams of cocaine base ("crack"), in violation of 21 U.S.C. § 846 [Count One]. The conspiracy as charged began in 1997 and continued until about February 26, 2002. Petitioner Williams was also charged

---

[1] Undersigned counsel was appointed for the purpose of filing a counseled petition based on Petitioner's Pro Se Motion filed on March 16, 2016 (see Docket Doc. No. 2719 heretoforth referenced as "Petitioner's Pro Se Motion") and his request for counsel filed on May 2, 2016 (see Docket Doc. No. 2729). Counsel files a supplemental motion as she will incorporate a portion of Petitioner's arguments from his pro se motion.

with possession of a firearm during the commission of a drug trafficking offense, in violation of 18 U.S.C. §924(c)(1) [Counts 63, 119, 123 and 125].

**Procedural History**

On January 30, 2004, a jury found Petitioner Williams guilty of Counts One, 119 and 125 of the Third Superseding Indictment. On April 29, 2004, the Honorable Stewart Dalzell sentenced Petitioner according to the (then) mandatory sentencing guidelines for a life term.[2] Petitioner filed a timely notice of appeal contesting two issues. First, the evidence was insufficient to support a conviction for possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. §924(c). Second, Mr. Williams should be resentenced pursuant to United States v. Booker, 543 U.S. 220 (2005). The Third Circuit affirmed Petitioner's conviction but remanded the case for resentencing.

Petitioner was resentenced to the same life sentence on June 7, 2006. Petitioner again filed a timely appeal, which was denied. He then took a Writ of Certiorari to the Supreme Court of the United States. On February 19, 2008 the Supreme Court issued an Order denying the Petition for Writ of Certiorari. On February 17, 2009 Petitioner filed an initial §2255 motion alleging two claims of ineffective assistance of counsel arguing that both his conviction and sentence be

---

[2] Petitioner's offense level, after several enhancements, was calculated at 48 with a criminal history category of IV of 8 criminal history points.

2

vacated. See Docket Doc. No. 2188.[3]  On August 14, 2009, the motion was denied and the district court declined to issue a certificate of appealability.  Again, Petitioner filed a timely appeal on the issue of a certificate of appealability on August 27, 2009.  On March 29, 2010, the foregoing application for a certificate of appealability was denied by the Third Circuit Court of Appeals.  Petitioner then filed a new pro se §2255 motion and a request for new counsel.

**Issue that Warrants Relief Sought under 28 U.S.C. § 2255**

**I. Petitioner's Eighth Amendment rights were violated when he was sentenced to a life sentence for some offenses committed as a juvenile**

In this case, Petitioner's involvement in the criminal conspiracy as charged in Count One occurred in 1997 when Petitioner was still a minor.  The Graham/Miller line of United States Supreme Court cases treat juveniles offenders as different then their adult counterparts.  Graham v. Florida, 560 U.S. 48 (2010) and Miller v. Alabama, 567 U.S. ___ (2012).  See also Roper v. Simmons, 543 U.S. 551 (2005).

> **A. Petitioner received ineffective assistance of counsel when his prior attorneys failed to argue his age at the start of the drug conspiracy**

Although the indictment did not charge a specific date for the start of the drug conspiracy, Petitioner was only fifteen years old for the first half of

---

[3] A supplemental motion with additional attachments was filed on February 18, 2009.  See Docket Doc. No. 2189.  The first motion was denied as moot and the government was ordered to file a response to the supplemental motion only.  See Docket Doc. No. 2197.

3

1997.[4]  He did not turn sixteen until June 2, 1997.[5]  Presentence Investigation Report ("PSR"), Page 3.  Therefore, he cannot be sentenced to a life term based on a quantity of drugs that was calculated before he was an adult.

Section 5H1.12 of the Federal Sentencing Guidelines provides that "[l]ack of guidance as a youth and similar circumstances indicating a disadvantaged upbringing are not relevant grounds in determining whether a departure is warranted."  United States Sentencing Guidelines ("U.S.S.G."), § 5H1.12.  Age is listed as a "discouraged ground for departure," a category of characteristics that the Commission has determined are not typically relevant in setting an outside-the-Guideline-range sentence.[6]  Office of Gen. Counsel, U.S. Sentencing Comm'n, Departure and Variance Primer 30 (2013).  However, there was no argument ever presented that Mr. Williams was entitled to a variance because of his age[7], certainly for the 18 months or so before he became an adult.  In their failure to argue this fact at Petitioner's sentencing and resentencing hearings, prior counsel rendered ineffective assistance of counsel.

In analyzing ineffective assistance of counsel, there is a well settled two prong test the Court must use in its analysis.  <u>Strickland v. Washington</u>, 466

---

[4] Petitioner concedes this argument applies only to Count One of his conviction.
[5] This point was highlighted during testimony by Alain Cain, a cooperating Government witness who testified he sold drugs with Petitioner when Cain was 16 and Petitioner was a schoolmate from middle school.  See N.T. Trial Day Ten, Page 174, Lines 9-13 and 21-23; Page 175, Lines 5-8; Page 176, Lines 11-17; Page 177, Lines 1-3.
[6] Petitioner's father was absent from the home since he was a toddler and he admits to having had no leadership or discipline at home.  See Petitioner's Pro Se Motion, Page 16.
[7] Most recently, in <u>Miller v. Alabama</u>, 132 S.Ct. 2455 (2012), the Court found that a sentencing judge must consider "youth and its attendant characteristics" prior to sentencing a juvenile to life without parole.  In <u>Montgomery v. Louisiana</u>, 136 S.Ct. 718 (2016), the Court applied <u>Miller</u> retroactively.  Although Petitioner was not a juvenile at the time of his arrest, there should have been argument regarding his age for some of his conduct when he was a minor.

U.S. 668 (1984)**.**  First, it must be determined that the attorney's performance was deficient in that the attorney did, or did not do, something judged "reasonable" during his/her representation of the defendant.  Id.  Second, a defendant must show but for the attorney's mistake or omission the outcome of the case would have been different.  Id.  Under Strickland, an attorney's performance falls below an objective standard of reasonableness under prevailing professional norms.  Id.  In determining whether an attorney's performance fell below this objective standard of reasonableness, the Court may turn to the standards as published by the American Bar Association.

      Here, it is reasonable that a defense attorney would argue Defendant was a minor during the beginning of the drug conspiracy and at least two years into it.[8]  There is no reasonable strategy for not incorporating this argument at either sentencing, or at Petitioner's resentencing hearings.

### B. Petitioner's Juvenile Conduct in Count One

      The Probation Office held Petitioner accountable for more than 150 kilograms of cocaine and 1.5 kilograms of cocaine base thereby attributing a base offense level of 38.  PSR at ¶¶49 and 95.  The threshold weight of 1.5 kilograms of cocaine base to reach an offense level 38 (the highest) was set in 1995.  U.S.S.G. at § 2D1.1(c).  In 2007, the guidelines were altered to raise the amount necessary to reach a level 38 to 4.5 kilograms.  Id. at Amendment 706.  In 2010,

---

[8] Although prior counsel argued Petitioner's age at the time of the sentencing, neither counsel highlighted for the Court that he was only 15 at the time of the start of the conspiracy as charged in the indictment.

this amount was raised again to 8.4 kilograms.  Id. at Amendment 750.  For sentences after November 1, 2014 the amount of cocaine based was increased again to 25.2 kilograms for a base offense level of 38.[9]  Id. at Amendment 782.  The new amendment was made retroactive by the Commission.  See Amendment to the Sentencing Guidelines; July 18, 2014.   However, there is nothing in the record to show Petitioner's prior counsel argued the narcotics from when he was a minor should have been precluded from the calculation of the amount attributed to him.  In fact, there is nothing to indicate that his age at the time of the conspiracy was ever taken into consideration.  The Federal Sentencing Commission offers only two sections regarding applicable youth-related guidance; yet, as noted above, departure is different than variance and Petitioner's prior counsels failed to raise a variance during either the sentencing or resentencing hearings.  Section § 5H1.12, supra.

The treatment of juveniles under the Guidelines appears to conflict with the line of U.S. Supreme Court cases which began with Roper v. Simmons, holding that the Eighth Amendment prohibits the execution of individuals who committed capital crimes before their eighteenth birthday.  543 U.S. 551 (2005).  The Roper Court's finding that juvenile defendants have a diminished capacity and are categorically different from adults was extended in Graham v. Florida,

---

[9] As Amendments 706, 750 and 782 were not in place at the time of either Petitioner's sentencing or resentencing, he seeks correction of his sentence now with a consolidated argument that his offense level should be lowered by six levels.  This was originally presented as a Motion filed pro se by Petitioner on June 8, 2015 (see Docket Doc. No. 2681).  The government has not responded to this motion and it remains outstanding.  Petitioner respectfully requests the Court issue an order asking the government to file its response, if any.

which found that the Eighth Amendment prohibits a sentence of life without the possibility of parole on offenders convicted of non-homicide crimes which were committed while the offenders were juveniles.  560 U.S. 48 (2010).  Petitioner has submitted to the Court he suffered from a troubled and misguided youth.  See Petitioner's Pro Se Motion, Page 16.  Under <u>Graham</u>, sentencing courts must give juvenile nonhomicide offenders sentenced to life terms a "meaningful opportunity to obtain release."  <u>Id.</u> at 75.  Two years later, <u>Miller v. Alabama</u> held that statutory mandatory life imprisonment without parole for those under age eighteen at the time of their crimes violated the Eighth Amendment.  132 S. Ct. 2455 (2012).  Justice Kagan's majority opinion in <u>Miller</u> noted that "<u>Roper</u> and <u>Graham</u> establish that children are constitutionally different from adults for purposes of sentencing."  <u>Id.</u> at 2464.  Most recently, the U.S. Supreme Court held in <u>Montgomery v. Louisiana</u> that <u>Miller</u>'s rule was a new substantive constitutional rule that "prohibits 'a certain category of punishment for a class of defendants because of their status or offense.'"  136 S. Ct. 718 (2016) at 732 (*quoting* <u>Penry v. Lynaugh</u>, 492 U.S. 302, 330 (1989)).  Therefore, the <u>Miller</u> rule for juveniles has a retroactive effect for cases on collateral review.  <u>Id.</u>  Writing for the Court, Justice Kennedy stated that "<u>Miller</u> requires a sentence to consider a juvenile offender's youth and attendant characteristics before determining that life without parole is a proportionate sentence."  <u>Id.</u> at 734.  Though <u>Miller</u> was directed towards state statutory mandatory minimum life sentences, the U.S. Supreme Court has relied on <u>Miller</u> to vacate discretionary life without parole sentences for

7

juvenile offenders.  See Blackwell v. California, 133 S. Ct. 837 (2013) (memorandum opinion); Mauricio v. California, 133 S. Ct. 524 (2012) (memorandum opinion).

As neither of Petitioner's prior counsel argued his minor age for a significant time of the drug conspiracy, he was not afforded effective assistance of counsel and the only appropriate relief to Petitioner is a new sentencing hearing.

### C. Juvenile Rehabilitation

One of the reasons to treat juveniles and adults differently is because of their possibility of rehabilitation.  Christensen, Anna K., "Rehabilitating Juvenile Life Without Parole: An Analysis of Miller v. Alabama" (2013). *The Circuit.* Paper 21. http://scholarship.law.berkeley.edu/clrcircuit/21.  Petitioner has demonstrated that even while serving life he has made serious attempts at ameliorating his life. See Petitioner's Pro Se Motion, Page 14.  Mr. Williams has earned his GED and completed over 305 classroom hours.  He enrolled in classes involving substance abuse, leadership, lifestyle chances and self-improvement.  Id. Counsel incorporates Petitioner's arguments as established in his pro se motion as specifically stated in pages 14-15 and Exhibit A.

### Conclusion

For the above-referenced reasons, Petitioner is entitled to relief. Wherefore, for the reasons discussed above, Petitioner respectfully requests that this Honorable Court grant him a new sentencing hearing.  In the event this Court

is not inclined to summarily grant such relief, petitioner requests an evidentiary hearing to establish any disputed facts.

        Respectfully submitted,

        SIGNATURE CODE: 1170_____
        Carina Laguzzi, Esquire
        Attorney for Petitioner

## CERTIFICATE OF SERVICE

I certify that on this 24th day of April, 2017, I have served a copy of the attached Amended Motion to Vacate, Set Aside, or Correct Sentence upon the following parties via electronic transmittal:

| | |
|---|---|
| AUSA Joseph Labrum, III | The Honorable Petrese Tucker |
| 615 Chestnut Street | U.S. District Courthouse |
| 12th Floor | 601 Market Street |
| Philadelphia, PA 19106 | Philadelphia, PA 19106 |

SIGNATURE CODE: 1170_____
CARINA LAGUZZI, ESQUIRE
Attorney for Petitioner