```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| United States of America, | : | CRIMINAL ACTION |
| | : | NO. 02-172-7 |
| v. | : | |
| | : | |
| Christopher Williams. | : | |
| | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                JULY 26, 2023

## I.   INTRODUCTION

Defendant Christopher Williams filed a motion for a reduction in sentence under Section 404 of the First Step Act in April 2019. <u>See</u> Def.'s First Mot. for Compassionate Release, ECF No. 2943. After the Third Circuit in United Stats v. Jackson, 964 F.3d 197 (3d Cir. 2020) resolved a contested eligibility issue, holding that a defendant's eligibility for a sentence reduction under Section 404 rests on the statute of conviction rather than a defendant's specific conduct, the government agreed that Williams was eligible for relief and the district court could consider whether to reduce Williams' sentence. Judge Tucker conducted a hearing on the motion on November 22, 2021 and subsequently granted Williams' request for a sentence reduction, reducing his sentence from life plus 30 years to a total term of imprisonment of 540 months.

Afterwards, Williams filed a pro se notice of appeal, contesting the current validity of one of his § 924(c) counts that had been overlooked in the resentencing proceeding. The government agreed that Judge Tucker should have been made aware of the legal issue regarding the second § 924(c) count and that the Section 404 sentence should be vacated, and the matter remanded for further consideration. The Third Circuit granted the government's motion for summary remand on August 24, 2022, and the mandate was issued on October 17, 2022.

Before the Court is Williams' combined motion for reduction in sentence pursuant to § 3582(c)(1)(A)(i) based on extraordinary and compelling circumstances and Section 404 of the First Step Act. See Def.'s Combined Mot., ECF No. 3182 [hereinafter "Def.'s Mot."]. The premise of Williams' motion is that he is serving a 25-year consecutive sentence on Count 125 that is improper under United States v. Diaz, 592 F.3d 467 (3d Cir. 2010), because it and another charge under 18 U.S.C. § 924(c) were premised on the same predicate conspiracy charge.

## II.  BACKGROUND

In October 2002, Williams and 36 co-defendants were charged in a superseding indictment with one count of conspiracy to distribute five kilograms or more of cocaine and 50 grams or more of crack, in violation of 21 U.S.C. § 846, based on their role in an extensive drug distribution conspiracy led by

2

Courtney Carter. Williams was also charged with two counts of possession of a firearm in furtherance of a drag trafficking crime, in violation of 18 U.S.C. § 924(c). At trial in January 2004, Williams was convicted of all three offenses and sentenced to life plus 30-years.

Williams appealed his sentence, and on March 14, 2006, the Third Circuit affirmed the conviction but remanded for resentencing in accordance with United States v. Booker, 543 U.S. 220 (2005). See United States v. Williams, 175 F. App'x 503 (3d Cir. Mar. 14, 2006). At the resentencing hearing, Judge Dalzell applied the same sentence of life plus 30 years, which the Third Circuit affirmed. See United States v. Williams, No. 06-2975, 2007 WL 3122171, at *1 (3d Cir. Oct. 26, 2007).

Williams filed a motion for relief under 28 U.S.C. § 2255 raising various claims of ineffective assistance of counsel in 2009, but the district court denied his motion and the Third Circuit denied his request for a certificate of appealability.

In 2012, Williams filed a motion for relief under Federal Rule of Civil Procedure 60(b), asserting that his habeas counsel had been ineffective for failing to assert that trial counsel was ineffective for failing to challenge the second § 924(c) sentence on the ground that both counts were predicated on the drug conspiracy, an argument that had later prevailed in Diaz, 592 F.3d at 474-75 (3rd Cir. 2010) (holding that a defendant may

3

not be sentenced for two Section 924(c) violations that are predicated on the same drug conspiracy offense). Williams argued that the Supreme Court's decision in Martinez v. Ryan, 566 U.S. 1 (2012) (allowed a showing of ineffective assistance of counsel to serve as cause for a state prisoner's failure to bring an ineffectiveness claim in state court), applied to federal inmates as well as state inmates. Judge Dalzell denied the motion in February 2013, holding that Martinez did not apply to federal habeas motions and that Williams' claim of ineffectiveness was an impermissible second 2255 motion.

Williams filed an appeal, and the Third Circuit directed the government to submit a letter addressing its view on whether such relief was available, and whether the sentence imposed on the second § 924(c) count violated the Double Jeopardy Clause. The government conceded that the second § 924(c) conviction would be invalid under Diaz but that relief was not available under § 2255, and the Third Circuit granted a certificate of appealability as to whether the reasoning of Martinez should extend to § 2255 motions. On September 12, 2014, the Third Circuit summarily affirmed Judge Dalzell's order denying Williams' Rule 60(b) motion.

In April 2019, Williams filed a pro se motion for a reduction in sentence under Section 404 of the First Step Act, which made retroactive the provisions of the Fair Sentencing Act

4

of 2010 that lowered the statutory penalties for certain crack cocaine offenses. The government responded acknowledging that Williams was eligible for relief because the Fair Sentencing Act lowered Williams' statutory penalty on the conspiracy count but argued that the district court should decline to grant a reduction under the facts and circumstances of this case.

Judge Tucker held a hearing on the motion on November 22, 2021 to determine whether a reduction in sentence was warranted. Williams' counsel argued that his range under Section 2D1.1 would be lower under current law than it was when he was originally sentenced and asked the court to apply this range, but did not raise the issue that Williams could not be sentenced on the second § 924(c) count under current law. Nor did the government raise this issue. The government now acknowledges that it should have brought this fact before the court's attention so it could be considered in its sentencing assessment. Judge Tucker issued an order granting Williams' request for a reduction, reducing the total term of imprisonment from life plus 30 years to 540 months--180 months for the drug offenses, 60 months for the first § 924(c) count, and 300 months on the second § 924(c) count.

In his appellate brief, Williams asserted that the court erred in the Section 404 proceeding by reimposing the consecutive sentence of 300 months on the second § 924(c) count,

citing the government's concession in the Rule 60(b) proceeding that his sentence on this count violated the Double Jeopardy Clause in light of Diaz. The government responded that it had overlooked the issue on the second § 924(c) count at the resentencing proceeding but asserted that the overall sentence remained valid.

In granting the government's motion for remand, the Third Circuit stated that the court's "evaluation of Williams' motion may include consideration of the intervening change in the law brought about" by Diaz, but "express[ed] no opinion on whether that change should result in a further reduction of Williams' sentence." United States v. Williams, No. 22-1966, 2022 WL 3708378, at *1 (3d Cir. Aug. 24, 2022).

After Judge Tucker granted the sentence reduction in this case, the Supreme Court and Third Circuit clarified the procedures applicable to a motion for relief under Section 404. The Supreme Court ruled that a court is not permitted to apply any intervening changes in law other than those that reflect the retroactive application of the Fair Sentencing Act in evaluating a Section 404 motion. Concepion v. United States, 142 S. Ct. 2389, 2402 n.6 (2022).

Defendant now moves for a reduction of sentence pursuant to § 3582(c)(1)(A)(i) given the government's concession that the conviction and the sentence on the second § 924(c) count is an

6

otherwise irreparable violation of the Double Jeopardy clause under Diaz. Alternatively, Defendant requests under Section 404 that the Court modify the sentence of not only his drug offense, but also the second § 924(c) offense, because the second § 924(c) offense should have been considered when ruling on his initial First Step Act motion.

For the reasons stated herein, Defendant's combined motion will be denied.

### III. DISCUSSION

#### A. Section 3582(c)(1)(A)(i)

Through the First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018), Congress amended 18 U.S.C. § 3582(c)(1)(A) by providing the sentencing court with jurisdiction to entertain motions for compassionate release filed by defendants. Id. The amended statute instructs that the Court may modify a term of imprisonment once it has been imposed "upon motion of the defendant after the . . . lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). A reduction is authorized if it is consistent with any applicable 18 U.S.C. § 3553(a) factors and if the Court finds that "extraordinary and compelling reasons warrant such a reduction." § 3582(c)(1)(A)(i).

First, Defendant argues that the "injustice of facing a term of incarceration 25 years longer than what should have been, or would be imposed today, in violation of the constitutional protections of the Double Jeopardy clause, constitutes 'an extraordinary and compelling reason' warranting a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A)(i)." See Def.'s Mot. 6, ECF No. 3182. The Third Circuit in United States v. Andrews, 12 F.4th 255 (3d Cir. 2021), held that the non-retroactive changes in Section 403's amendments to § 924(c), or more generally, the duration of a lawful sentence, could not be the sole basis of an "extraordinary and compelling" finding. 12 F.4th at 260-61.

Although Defendant argues that the second twenty-five-year § 924(c) sentence is not lawful here, Defendant is essentially using a compassionate release motion as a vehicle to correct a legal error (the imposition of the second § 924(c) sentence) for which collateral relief has been denied. As Judge Easterbrook recently summarized, and appellate courts have unanimously concluded:

> In other words, the sort of "extraordinary and compelling" circumstance that § 3582(c)(1) addresses is some new fact about an inmate's health or family status, or an equivalent post-conviction development, not a purely legal contention for which statutes specify other avenues of relief--avenues with distinct requirements, such as the time limits in § 2255(f) or the need for a declaration by the Sentencing Commission that a revision to a Guideline applies retroactively.

8

United States v. Von Vader, 58 F.4th 369, 371 (7th Cir. 2023).[1]

Second, Defendant points to his asthma and struggles with his weight as serious medical issues which increase his risk of contracting COVID-19 as an extraordinary and compelling reason for granting compassionate release. However, Williams is fully vaccinated, having received Moderna doses on April 13, 2021, May 12, 2021, and November 18, 2021, which eliminates the possibility of compassionate release based only on the threat of COVID-19. See, e.g., United States v. Doan, No. 21-cr-2599, 2022

---

[1] See also United States v. Henderson, 858 F. App'x 466, 469 & n.2 (3d Cir. 2021) (not precedential) ("A previously rejected claim of sentencing error could never qualify as an 'extraordinary and compelling reason' for compassionate release . . . . To the extent that [a defendant] argues that his sentence should be vacated on this basis, . . . such a claim can be raised only in a § 2255 motion."); United States v. Amato, 48 F.4th 61, 63 (2d Cir. 2022) ("[A] district court does not have discretion to consider new evidence proffered for the purpose of attacking the validity of the underlying conviction in its balancing of the 18 U.S.C. § 3553(a) factors. Facts and arguments that purport to undermine the validity of a federal conviction must be brought on direct appeal or pursuant to 28 U.S.C. § 2255 or § 2241."); United States v. Escajeda, 58 F.4th 184, 187 (5th Cir. 2023) ("[A] prisoner cannot use § 3582(c) to challenge the legality or the duration of his sentence; such arguments can, and hence must, be raised under Chapter 153 [of Title 28, addressing habeas corpus]."); United States v. McCall, 56 F.4th 1048, 1058 (6th Cir. 2022) (en banc) ("[W]e do not read 'extraordinary and compelling' to provide an end run around habeas."); United States v. Crandall, 25 F.4th 582, 586 (8th Cir. 2022) ("[A defendant] cannot avoid the restrictions of the post-conviction relief statute by resorting to a request for compassionate release instead." (citing United States v. Hunter, 12 F.4th 555, 567 (6th Cir. 2021))); United States v. Wesley, 60 F.4th 1277, 1289 (10th Cir. 2023) (upholding a district court's refusal to exercise jurisdiction over a claim of prosecutorial misconduct at sentencing as a basis for compassionate release and holding "that an 18 U.S.C. § 3582(c)(1)(A)(i) motion may not be based on claims specifically governed by 28 U.S.C. § 2255"); United States v. Jenkins, 50 F.4th 1185, 1201 (D.C. Cir. 2022) ("We must therefore interpret the compassionate-release statute in light of this reticulated scheme for collateral review, rather than invoke compassionate release to end-run its limits. Thus, even if procedural hurdles would now prevent Jenkins from raising his sentencing argument in collateral proceedings, we cannot treat such a bar on relief under section 2255 as supporting a finding of extraordinary and compelling circumstances.").

WL 1551830, at *1 (3d Cir. May 17, 2022) (not precedential) (affirming the denial of compassionate release summarily and finding that, though the defendant presented a variety of health conditions, "[t]he District Court properly noted that, at the time of its decision, infection rates were near zero at FCI-Fairton, and that Doan is at a lower risk of reinfection now that he and the majority of the inmate population at FCI-Fairton are vaccinated,"; and in that circumstance, the defendant did not make a threshold showing of "extraordinary and compelling reasons"); United States v. Thomas, Nos. 21-1645 & 21-2105, 2022 WL 296594, at *2 (3d Cir. Feb. 1, 2022) ("The District Court appropriately recognized that Thomas's vaccination reduced the health risks he relied on in support of his motion."); United States v. Hannigan, No. 19-373, 2022 WL 815449, at *15 (E.D. Pa. Mar. 17, 2022) ("Even in the era of the highly transmissible omicron variant, Moderna vaccination and booster shot is highly effective against severe illness. District Courts in the Third Circuit consistently agree that an FDA-approved vaccination against COVID-19 lessens the risk of serious illness or death from COVID-19 such that the threat of the pandemic, even combined with pre-existing medical conditions, does not constitute an extraordinary and compelling reason for compassionate release." (collecting cases)). Thus, Defendant's

10

motion for compassionate release will be denied for lack of an "extraordinary and compelling" circumstance.

B. **Section 404 of the First Step Act**

Section 404 made retroactive the statutory amendments of the Fair Sentencing Act of 2010, which reduced the crack-to-powder disparity to 18:1. See Dorsey v. United States, 567 U.S. 260, 269 (2012) (discussing Section 2 of the Fair Sentencing Act). The Supreme Court ruled that in evaluating a Section 404 motion, a court is not permitted to apply any intervening changes in law other than those that reflect the retroactive application of the Fair Sentencing Act. Concepcion, 142 S. Ct. at 2402 n.6. A court may not alter the statutory penalties or guideline determinations that are not affected by the application of the Fair Sentencing Act in determining the defendant's applicable sentencing range, although it may consider the current sentencing landscape in determining the appropriate sentence. Id.

Judge Tucker, without knowledge regarding the unlawful, consecutive 25-year sentence on the second § 924(c) count, reduced the sentence on Defendant's drug offense to 180 months' imprisonment. Defendant argues that the Court can take that reduction into consideration here and recalibrate both the drug and § 924(c) offense sentences because the consecutive § 924(c)

11

sentences are part of an aggregate, interdependent sentencing package.

Defendant cites United States v. Norwood, 49 F.4th 189, 202 (3d Cir. 2022), which recognized that in cases "when one or more convictions is vacated, the resentencing court 'should be free to review the efficacy of what remains in light of the original plan, and to reconstruct the sentencing architecture upon remand . . . if that appears necessary in order to ensure that the punishment still fits both crime and criminal.'" (quoting United States v. Davis, 112 F.3d 118, 122 (3d Cir. 1997)). In Davis, the Third Circuit held that a consecutive sentence on a § 924(c) offense to be interdependent with that of the underlying offense, as it created an "aggregate sentence" and could not be treated discretely. 122 F.3d at 124. In Dean v. United States, 581 U.S. 62 (2017), the Supreme Court agreed. There, the government argued that a district court should calculate the appropriate term of imprisonment for each individual offense, without regard to the others. In rejecting this argument, the Supreme Court pointed out:

> At odds with the text [of § 3553(a)], the Government's interpretation is also at odds with its own practice in "sentencing package cases." "Those cases typically involve multicount indictments and a successful attack by a defendant on some but not all of the counts of conviction." In those cases--including ones where § 924(c) convictions are invalidated--the Government routinely argues that an appellate court should vacate the entire sentence so that the district court may

12

>increase the sentences for any remaining counts up to the limit set by the original aggregate sentence. And appellate courts routinely agree. As we understand it, the Government's theory in those cases is that the district court may have relied on a now-vacated conviction when imposing sentences for the other counts.

Id. at 68-69 (citations omitted). The Court agreed with the appellate courts and the Government's position in other cases, stating

>The § 3553(a) factors are used to set both the length of separate prison terms and an aggregate prison term comprising separate sentences for multiple counts of conviction. . . . As a general matter, [§ 3582 and § 3584] permit a court imposing a sentence on one count of conviction to consider sentences imposed on other counts.

Id. at 67.

Defendant cites to several cases where this doctrine was applied in Section 404 cases. See Def.'s Mot. 10-11, ECF No. 3182. However, the Court declines to further reduce Defendant's sentence. Although Judge Tucker was not informed that Defendant could only be sentenced on one § 924(c) count under current law, Judge Tucker explained that the 540-month sentence imposed "reflects the serious nature of drug trafficking and the damage to his own community Mr. Williams engaged in by participating in it, as well as addresses the prior court's consideration of Mr. Williams participation in first-degree murder in the course of conspiracy." See Mem. Op. 7, ECF No. 3142. The Court agrees--whether or not the second § 924(c) count is considered or not--

because what drives the sentence in this case is the drug charge, not the § 924(c) charges, as indicated by Judge Dalzell's original sentence of life under the murder guidelines, for the drug charge, plus 30 years for the two § 924(c) charges. A further reduction in Defendant's sentence would not serve the purpose of the Fair Sentencing Act because Defendant's life sentence on the crack count was driven by his involvement in multiple acts of violence, including a first-degree murder, as well as his role as manager in a massive drug conspiracy. The current sentence of 540 months (45 years) is both warranted and necessary to account for the seriousness of the offense and the need to protect the public, while adequately acknowledging Defendant's efforts at rehabilitation.

## IV.   CONCLUSION

As explained herein, the Court will deny Defendant's motions for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and Section 404 of the First Step Act.

An appropriate order follows.